IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **DANIEL BITTLE-LINDSEY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SEEGARS FENCE COMPANY, INC.** *and* **SEEGARS FENCE COMPANY, INC. OF NEWPORT,**<br><br>*Defendants*. | **CASE NO.: 4:19-CV-40** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, complaining of the Defendants, and alleges the following to be true:

### INTRODUCTION

1\. This matter concerns Defendants' (collectively, "Seegars") attempted demotion and subsequent termination of Plaintiff Daniel Bittle-Lindsey ("Bittle-Lindsey") due to Bittle-Lindsey's HIV-positive status.

2\. Each paragraph of this Complaint incorporates all others, and each exhibit is incorporated as though fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3**     At all times relevant to this action, Bittle-Lindsey was a resident of Carteret County, North Carolina, and he is neither a minor nor incompetent.

**4**     Defendant Seegars Fence Company, Inc. ("Seegars Corporate") is a domestic corporation, organized and existing under the laws of the State of North Carolina, with a principal office in Wayne County, North Carolina.

**5**     Defendant Seegars Fence Company, Inc. of Newport ("Seegars Newport") is a domestic corporation, organized and existing under the laws of the State of North Carolina, with a principal office in Carteret County, North Carolina.

**6**     This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

> **6.1**     28 U.S.C. § 1331, as the action arises out of the Americans with Disabilities Act, as amended, codified as 42 U.S.C. § 12101 *et seq.*

**7**     This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

> **7.1**     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located; and

> **7.2**     N.C. Gen. Stat. § 1-75.4(1)(c), as Defendants were domestic corporations at the time service of process was made upon them.

**8**     Venue is proper in this Court pursuant to any/all of the following:

      **8.1**      28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Eastern District of North Carolina; and/or

      **8.2**      28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of North Carolina.

**9**      Prior to filing this action, Plaintiff filed a timely Charge of Discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on December 19, 2018, wherein the EEOC found that Defendants had discriminated and retaliated against Plaintiff based on Plaintiff's disability and his opposition to an unlawful demotion.

## FACTUAL ALLEGATIONS

### The Seegars Corporate Structure

**10**      Defendant Seegars Corporate is a North Carolina corporation in the business of, *inter alia*, building residential and commercial fences.

**11**      Seegars Corporate maintains a website (https://www.seegarsfence.com/) that lists on its face various "Locations" in which it operates, including Newport, North Carolina.

**12**      Seegars Corporate has registered each location as a separate business entity, with nineteen (19) distinct "Seegars" entities, not counting Seegars Corporate.

**13**      Each "Seegars" entity follows the rough naming scheme of "Seegars Fence Company of [City], Inc." This pattern exhibits only minor variation, including that found in "Seegars Fence Company, Inc. of Newport."

**14** Examples include "Seegars Fence Company of Greensboro, Inc.," "Seegars Fence Company of Durham, Inc.," "Seegars Fence Company of Greenville, Incorporated," etc.

**15** Each currently active "Seegars" entity shares one or more officers and/or registered agents with Seegars Corporate, including Seegars Newport.

**16** The President of all or nearly all "Seegars" entities, including Seegars Newport, is Benjamin W. Seegars.

**17** The "Newport" section of the Seegars website, like the sections for other locations, repeatedly conflates Seegars Corporate with Seegars Newport, with statements such as:

> **17.1** "Welcome to Seegars Fence Company in Newport- Morehead City, NC!"
>
> **17.2** "Seegars Fence Company has been the top choice for hundreds of residential and commercial clients in Newport, New Bern, Morehead City, Beaufort, Atlantic Beach, and the surrounding areas along the NC coast."
>
> **17.3** "[. . .] you can count on our Newport team to deliver quality fence service and products at an affordable price."
>
> **17.4** "At Seegars, we want to make the process of turning your vision into reality a simple one."
>
> **17.5** "To speak with a member of our fencing team, please call us at (252) 223-2260 (Newport), (252) 638-3315 (New Bern/Havelock) or (252) 240-2287 (Morehead City). We look forward to working with you and making you another valued customer of Seegars Fence Company!"
>
> **17.6** "Copyright © 2019 Seegars Fence Company."

**18** Each piece of written correspondence directed to Plaintiff relevant to this action was issued by Seegars on letterhead reading "Seegars Fence Company," which directed callers to an (888) telephone number for Seegars Corporate and the Seegars Corporate website.

**19** Upon information and belief, none of the "Seegars" entities pays dividends to its shareholders.

**20** The extreme fragmentation between the various "Seegars" entities serves no legitimate purpose and is instead intended to act as a liability shield for Seegars Corporate and the common Seegars shareholders.

**21** Each individual "Seegars" location, including Seegars Newport, is a mere instrumentality of Seegars Corporate and the common shareholders, with ultimate control over all "Seegars" business operations resting with Seegars Corporate and the common shareholders.

### Bittle-Lindsey's Employment/Termination with/by Seegars

**22** Bittle-Lindsey became employed by Seegars in April, 2015 at its Newport location.

**23** Shortly after beginning employment, Bittle-Lindsey confided in a co-worker that he was HIV-positive.

**24** On April 22, 2015, Seegars compelled Bittle-Lindsey to complete and sign a self-typed form reading "It has come to our attention that you have informed one or more of our employees that you are HIV Positive. Are you HIV Positive? _____ Yes _____ No." This is attached as **Exhibit 1**. Bittle-Lindsey marked "Yes" and signed it, with the Seegars manager and a witness signing beneath him.

**25** Bittle-Lindsey was placed on leave beginning on or about April 22, 2015 specifically because of his HIV-positive status and for no other reason. He was never allowed to return to work for Seegars.

**26** Within days, Seegars demanded that Bittle-Lindsey provide his doctor with a list of his job duties and a letter from Seegars explaining its concerns about his HIV-positive status and that Bittle-Lindsey's doctor provide input on Bittle-Lindsey's ability to safely perform those job duties. Attached to this letter were a job description with duties, a list of job requirements, and a list of definitions. This communication is attached in its entirety as **Exhibit 2**.

**27** Bittle-Lindsey authorized his doctor to provide information to Seegars, and on May 1, 2015, ECU Physicians provided Seegars with a letter stating that Bittle-Lindsey could safely "perform the stated job duties as any other employee." The letter elaborated that Bittle-Lindsey "poses to you no more risk than you pose to him." This letter, with release, is attached as **Exhibit 3**.

**28** Seegars left Bittle-Lindsey's employment status in limbo and held Bittle-Lindsey out of work on leave, until August 2015.

**29** On or about August 28, 2015, Seegars offered to allow Bittle-Lindsey to return to work in a demoted position without similar opportunity for advancement and with fewer hours.

**30** Bittle-Lindsey's return to work in his demoted position was contingent on Bittle-Lindsey wearing excessive protective equipment "at all times," including gloves, long sleeve shirts, long pants, safety shoes with steel toes, and a face shield when "cutting metal straps, handling loose wire, etc." This was expected of Bittle-Lindsey and no other employee, and it was expected despite Bittle-Lindsey consistently working outside, often in extreme heat.

**31** Seegars informed Bittle-Lindsey that he would not be allowed inside the Seegars office, which was air conditioned, to cool off or drink water, and that he must find shade outdoors if he wanted relief from the heat. This was a restriction unique to Bittle-Lindsey.

**32** On or about August 31, 2015, Bittle-Lindsey notified Seegars that he opposed this discriminatory demotion and would not accept it.

**33** In response to Bittle-Lindsey's rejection of the discriminatory demotion, Seegars terminated Bittle-Lindsey's employment.

**34** Bittle-Lindsey has suffered emotional and pecuniary injury, as well as other injuries, as a result of his termination.

## FIRST CAUSE OF ACTION
### Pierce the Veil

**35** Seegars Newport is a mere instrumentality of Seegars Corporate and/or its common shareholders, as evidenced by facts previously alleged.

**36** Bittle-Lindsey requests that the Court disregard the corporate form of Seegars Newport and allow Bittle-Lindsey to proceed against Seegars Newport and Seegars Corporate without affording Seegars Corporate the benefit of the corporate veil.

## SECOND CAUSE OF ACTION
### Disparate Treatment—Disability (42 U.S.C. 12101 *et seq*)

**37** Bittle-Lindsey is a qualified individual with a disability, of which Seegars was aware.

**38** Bittle-Lindsey was capable of performing his essential job functions with or without reasonable accommodation.

**39**  Seegars took the adverse actions of unpaid suspension, demotion, and termination against Bittle-Lindsey because of Bittle-Lindsey's disability.

**40**  Seegars employed at least fifteen employees at all times relevant to the Complaint.

### THIRD CAUSE OF ACTION
### Retaliation (42 U.S.C. 12101 *et seq*)

**41**  Bittle-Lindsey engaged in the protected activity of opposing a discriminatory demotion.

**42**  Seegars took the adverse action of termination against Bittle-Lindsey because of Bittle-Lindsey's protected activity.

**43**  Seegars employed at least fifteen employees at all times relevant to the Complaint.

### PRAYER FOR PUNITIVE DAMAGES

**44**  Defendants are liable for compensatory damages and at least one of the following factors was present and related to the conduct for which they are liable:

  **44.1**  Malice;

  **44.2**  An evil motive; and/or

  **44.3**  Callous indifference to a federally protected right.

**45**  Officers, directors, and/or managers of Defendants participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

### JURY TRIAL REQUESTED

Bittle-Lindsey requests a jury trial on all issues so triable.

WHEREFORE, Bittle-Lindsey respectfully requests that the Court:

1      Find for Bittle-Lindsey and against Defendants on all causes of action alleged herein;

2      Award Bittle-Lindsey with damages, including punitive damages, in an amount to be proved at trial;

3      Tax the costs of this action against Defendants and award Bittle-Lindsey with his reasonable attorney's fees; and

4      Grant all other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 18th day of March, 2019.*

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438 Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

-9-
Case 4:19-cv-00040-BO   Document 1   Filed 03/18/19   Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2019, I electronically filed the foregoing Complaint and Jury Request with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

Benjamin W. Seegars
PO Box 1555
Goldsboro, NC 27533
*Registered Agent for Seegars Fence Company, Inc.*

Benjamin W. Seegars
PO Box 1555
Goldsboro, NC 27533
*Registered Agent for Seegars Fence Company, Inc. of Newport*

**/s/ Craig Hensel**
*Attorney for Plaintiff*
NC State Bar No. 40852
Hensel Law, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com